RECEIVED
CHARLOTTE, NC

NOV -9 2015

Clerk, US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:15-CV-54

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WINTHROP W. GILMAN, )<br>)<br>Defendant. )<br>) | **CONSENT JUDGMENT** |

Plaintiff Wells Fargo Bank, N.A. ("***Wells Fargo***"), and Defendant Winthrop W. Gilman ("***Mr. Gilman***"), have resolved their differences regarding the claims for relief in this action under a Settlement Agreement dated October 23, 2015, and have agreed to entry of a judgment in the form set forth herein. The parties jointly stipulate the following to the Court[1]:

## PARTIES AND JURISDICTION

1. Wells Fargo is a national banking association whose main office as designated in its Articles of Association is in the State of South Dakota.

2. Mr. Gilman is an adult person and a citizen and resident of Henderson County, North Carolina. Mr. Gilman is under no legal disability, and is not an active member of any branch of the United States Armed Forces.

---

[1] All capitalized terms referenced herein but not defined shall have the meanings given to them in the Verified Complaint.

## FACTS

3. On or about July 9, 2008, Wachovia Bank, National Association ("***Wachovia***") made a loan to The Mychal Institute, LLC ("***Borrower***") in the original principal amount of $500,000.00. The loan was evidenced by Note 1.

4. On or about July 9, 2008, Wachovia made a line of credit available to Borrower in the principal amount of up to $250,000.00. The loan was evidenced by Note 2.

5. In connection with the Notes, Mr. Gilman executed and delivered the Guaranty to Wachovia, and others also executed guaranties of the Notes. Under the Guaranty, Mr. Gilman unconditionally guaranteed payment and performance of all obligations of Borrower to Wachovia including, but not limited to, the Notes.

6. On March 20, 2010, the Office of the Comptroller of the Currency approved a merger between Plaintiff and Wachovia. Through the merger, Plaintiff acquired all of Wachovia's assets, including the Notes and Guaranty. Plaintiff is therefore the owner and holder of the Notes and Guaranty.

7. The Notes and Guaranty went into default in 2009 for failure to make payments as and when due.

8. As a result of the default, in October 2010 Plaintiff commenced a lawsuit to collect amounts owed under the Notes and Guaranty in the United States District Court for the Eastern District of Virginia captioned *Wells Fargo Bank, National Association v. The Mychal Institute, LLC et. al*, Case No. 4:10-cv-133. All parties to the prior lawsuit stipulated to a dismissal without prejudice on or about April 11, 2011.

9. On or about February 6, 2011, all parties to the prior lawsuit, including Plaintiff, executed the Forbearance Agreement.

10. Under the Forbearance Agreement, Borrower and Mr. Gilman expressly acknowledged the validity and enforceability of the Notes, Guaranty and outstanding debts thereunder. Borrower and Mr. Gilman further agreed to fully repay the balance due under the Notes and Guaranty by January 31, 2012.

11. Borrower and Mr. Gilman failed to repay the balance due under the Notes and Guaranty in full by January 31, 2012.

12. On or about January 15, 2015, Plaintiff sent the Demand Letter to Mr. Gilman demanding payment of the balance due under the Notes, Guaranty and Forbearance Agreement.

13. Pursuant to the Demand Letter, Plaintiff provided Mr. Gilman with notice of its intent to enforce the provisions of the loan documents relative to attorneys' fees, and provided the statutory 5-day notice required under N.C.G.S. §6-21.2.

14. As of the date of this Verified Complaint, Mr. Gilman has failed to deliver payment of the balances due under the Notes and Guaranty, which remain in default.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

15. The allegations of all preceding paragraphs are incorporated herein as if fully set forth.

16. The Guaranty is a valid and enforceable contract between Plaintiff and Mr. Gilman.

17. Plaintiff has performed all of its obligations under the Guaranty.

18. Mr. Gilman has materially breached the Guaranty by failing to pay the balance of the Notes as and when due.

19. The Forbearance Agreement is a valid and enforceable contract between Plaintiff and Mr. Gilman.

20. Plaintiff has performed all of its obligations under the Forbearance Agreement.

21. Mr. Gilman materially breached the Forbearance Agreement by failing to repay the balance due under the Notes and Guaranty by January 31, 2012.

22. As of October 23, 2015, the principal balance due under the Notes, Guaranty and Forbearance Agreement, was as follows:

| | |
|---|---|
| Note 1 | $387,869.61 |
| Note 2 | 189,573.72 |
| Total | $577,443.33 |

[Remainder of Page Left Blank Intentionally]

**PLAINTIFF:**

Wells Fargo Bank, N.A., successor-by-merger
to Wachovia Bank, National Association

By: _____
     Andre Taylor, Assistant Vice President

STATE OF Pennsylvania
COUNTY OF Philadelphia

Signed and sworn to before me this day by **ANDRE TAYLOR**, in his capacity as Vice President and on behalf of Wells Fargo Bank, N.A..

Date: October 20, 2015

_____
Vernita L. Herbert, Notary Public

My Commission Expires: 4/26/16

(OFFICIAL SEAL)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Vernita L. Herbert, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires April 26, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

**COUNSEL FOR PLAINTIFF:**

_____
Matthew P. Weiner, Esq.
N.C. State Bar No. 37128
Parker Poe Adams & Bernstein LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 890-4170
Facsimile: (919) 834-4564
mattweiner@parkerpoe.com
*Attorneys for Plaintiff*

PPAB 2922856v3

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court incorporates by reference the foregoing stipulated facts and conclusions into this Order.

2. The Court has jurisdiction over the subject matter of this action, personal jurisdiction over the Consenting Defendants, and venue is proper as to the parties.

3. On Wells Fargo's First Claim for Relief, judgment is hereby entered in favor of Wells Fargo and against Mr. Gilman in the principal amount of Five Hundred Seventy-Seven Thousand Four Hundred Forty-Three and 33/100 Dollars ($577,443.33).

4. Post-judgment interest shall accrue at the legal rate of eight percent per annum (8%) on the principal balances awarded in this judgment until fully paid.

5. This Court shall retain jurisdiction of the parties and this dispute for the purpose of making any further orders necessary or proper for the interpretation, modification or enforcement of this Consent Judgment.

6. The parties waive their right to appeal from this Consent Judgment.

ENTERED:

Date: _____
United States District Judge

The parties and their counsel hereby agree to the entry of the foregoing Consent Judgment:

DEFENDANT:

_____ (SEAL)
Winthrop W. Gilman

STATE OF __NC__
COUNTY OF __Henderson__

Signed and sworn to before me this day by **WINTHROP W. GILMAN**.

Date: October 27, 2015

_____
Barbara S. Drum, Notary Public

(OFFICIAL SEAL)

My Commission Expires: _____

BARBARA S. DRUM
NOTARY PUBLIC
HENDERSON COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES 8/28/2020

COUNSEL FOR DEFENDANT:

_____
W. Perry Fisher, II, Esq.
Brad A. Stark, Esq.
Fisher Stark & Cash, P.A.
35 North Market Street
Asheville, North Carolina 28801
Telephone: (828) 505-4300
Facsimile: (828-505-4302
perry@fisherstark.com
brad@fisherstark.com
*Attorneys for Defendant*


PLAINTIFF:

Wells Fargo Bank, N.A., successor-by-merger
to Wachovia Bank, National Association

By: _____
     Andre Taylor, Vice President


STATE OF _____
COUNTY OF _____

Signed and sworn to before me this day by **ANDRE TAYLOR**, in his capacity as Vice President and on behalf of Wells Fargo Bank, N.A..

Date: October _____, 2015

     _____

     _____, Notary Public

(OFFICIAL SEAL)     My Commission Expires: _____


COUNSEL FOR PLAINTIFF:

_____
Matthew P. Weiner, Esq.
N.C. State Bar No. 37128
Parker Poe Adams & Bernstein LLP